BROCKWAY IMPLEADED WITH BERRY, APPELLANT *v.*
WELLS, RESPONDENT.

An assignment of a land contract for the security of a debt due the assignee
upon the condition, that if the debt was paid at the time stipulated, the as-
signee should re-assign the contract, is, in equity, a mortgage, and the as-
signor has a right of redemption.

As a general rule, a mortgagor pays costs to the defendant, on a bill to re-
deem, although he is successful; but if the defendant has been guilty of
improper conduct, he will be deprived of costs, and in some cases will be
compelled to pay costs.

If a mortgagor, who is entitled to redeem, applies before filing his bill to the
mortgagee for that purpose, and the latter refuses to allow him to redeem,
the mortgagee will not only be deprived of costs, but may be compelled
to pay costs to the complainant.

THIS was an appeal from the decree of the equity court October 6th.
of the eighth circuit. Wells assigned to Brockway a land
contract, to secure the payment of $97 98. The assign-
ment contained a condition that if Wells paid Brockway
$25 on the first of February, 1821 and $72 98 on the 21st
of November thereafter, the latter should re-assign the con-
tract to *Wells, otherwise not. A part of the amount was   [*618]
paid within the specified time, but a part thereof remained
unpaid. After various ineffectual negotiations and attempts
to obtain payment of the amount due, Brockway sold the
account to Berry, who afterwards took out a new contract
in his own name from the Holland Land Company. Wells
then filed his bill in this cause against Brockway and Berry,
praying a redemption, and for general relief. The defend-
ants having put in their answers, and replications having
been filed to the same, many witnesses were examined as to
the value of the premises, and the various dealings and
negotiations between the parties. The cause was heard on
pleadings and proofs, and the circuit judge decreed a dis-
missal of the bill against the defendant Berry, without
costs: and that Brockway should pay to the complainant

1829.

Brockway
v.
Wells.

$160, for the proceeds of the sale of the premises, over and above the balance due from the complainant to him of the original debt.   He also decreed costs against the defendant Brockway.   From that decree the latter appealed to this court.

*F. M. Haight* for the appellant.

*P. L. Tracy* for the respondent.

THE CHANCELLOR:—The assignment of the land contract in this case was given for the security of a debt and was therefore a mortgage.   There does not appear to have been any agreement to receive it in full satisfaction of the debt at any time ; and there can be no doubt of the right of the complainant to redeem.   The assignment by way of mortgage in this case being of an interest in real estate, must be governed by the rules which are applicable to a mortgage of the legal estate.   It is a mortgage of an equitable interest in the land mentioned in the contract.   This court has jurisdiction in such a case to decree a redemption.   Although there was probably in this case sufficient to put the other defendant on inquiry, if he did not actually know that this assignment was nothing but a mortgage, so as to authorize the complainant to claim a redemption against him, the circuit judge has thought otherwise and considered him a *bona fide* purchaser *without notice.   There is no appeal from that part of the decree, and it cannot therefore be reviewed here.   In such cases the equity of redemption instead of remaining an incumbrance on the land in the hands of the *bona fide* purchaser, attaches upon the money received by the mortgagee on the sale; (*Whittick* v. *Kane*, 1 Paige's Rep. 202.)   The decree in this case was therefore right in directing the payment of the balance received by the mortgagee on the sale of the land, over and above his debt, if the land could not be redeemed.

But the appellant contends that the equity court has erred

[*619]

in awarding costs against him on his bill for a redemption of the mortgage. As a general rule the complainant pays costs to the defendant on a bill to redeem, although he ultimately succeeds in obtaining the relief prayed for; but if he has been guilty of improper conduct, he will be deprived of his costs, and in some cases may even be compelled to pay costs; (*Ditillin* v. *Gale*, 7 Ves. 583; *Morony* v. *O'Dea*, 1 Ball & Beatty, 121, note.) If the mortgagor in this case had applied to Brockway for the surplus raised on the sale, over and above the amount due on this mortgage, and the latter had refused to account with him for it, I should have thought this decree right in not only refusing costs to the mortgagee, but also in charging him with the costs of the litigation; (*Slee* v. *The Manhattan Company*, 1 Paige's Rep. 48.) But the complainant claimed a right to redeem the land in the hands of the assignee; and the principal part of the costs have been incurred on that account, and he has failed as to that part of the suit. The defendant Brockway does not appear to have acted fraudulently or in bad faith in selling the contract. He only mistook his legal and equitable rights, and that forms no ground for charging a mortgagee with costs on a bill to redeem.

So much of the decree as directs the appellant to pay costs to the respondent must be reversed, and the residue of the decree appealed from is affirmed; and neither party is to have costs as against the other, either in the court of equity, or in this court. If the appellant does not pay the amount decreed within twenty days, the respondent is to be at liberty to take out execution therefor in this court.